IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v.   No. 4:13CR00226 KGB

RAUL TORRES

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 0 6 2014

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the October 1, 2014, guilty plea of Raul Torres ("Defendant") shall forfeit to the United States, under 18 U.S.C. § 2253:

   A. One a Glock, model 19, 9-millimeter pistol, serial number SRY697;

   B. a Norinco, model MAK90 Sporter, 7.62X39 caliber rifle, serial number 94 41486;

   C. a Norinco, model 1911A1, .45 caliber pistol, serial number 418722;

   D. a Winchester, model 1200, 16 gauge shotgun, serial number 320235;

   E. a Smith and Wesson, model SW40VE, .40 caliber pistol, serial number DVV089;

   F. a North American Arms, .22 caliber revolver, serial number G25610;

   G. a Mossberg, model 395K, 12 gauge bolt action shotgun, manufactured with no visible serial number; and

   H. all ammunition seized from Defendant.

(collectively "property subject to forfeiture").

2. Upon the entry of this Order, the United States Attorney General or a designee (collectively "Attorney General") is authorized to seize the above-listed property and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture.

Fed. R. Crim. P. 32.2(b)(3). Further, the Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third party rights.

3. The United States shall publish, in such a manner as the Attorney General may direct, notice of this Order and the United States' intent to dispose of the property subject to forfeiture. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property subject to forfeiture.

4. Any person, other than Defendant, asserting a legal interest in the property subject to forfeiture may petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property and for an amendment of this Order. *See* 21 U.S.C. § 853(n)(2); 28 U.S.C. § 2461(c). This petition must be filed within 30 days of the final publication of notice or receipt of notice, whichever is earlier. 21 U.S.C. § 853(n)(2).

5. This Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. Fed. R. Crim P. 32.2(b)(4)(A). If no third party files a timely claim, this Order shall become the Final Order of Forfeiture. Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the property subject to forfeiture shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property subject to forfeiture, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property subject to forfeiture, any additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.  The United States shall have clear title to the property subject to forfeiture following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided for the filing of third party petitions.

9.  The Court shall retain jurisdiction to enforce this Order and to amend it as necessary. *See* Fed. R. Crim. P. 32.2(e).

SO ORDERED this \_\_6th\_\_ day of October 2014.

_____
HONORABLE KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE